*[Handwritten: Answer to Complaint]*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHELL WHITE,
    Debtor.

Case No. 20-09973

Judge *[Handwritten: Answer to Complaint Judge Hunt]*

Chapter 7

*[Handwritten: Adversary Case No: 20-AP-00261]*

ALLIANCE BUILDERS &
CONSTRUCTION CO., INC.,
    Plaintiff,

v.

MICHELL WHITE, also known as
MICHELLE WHITE,
    Defendant / Debtor.

*[Handwritten across title: Answer to Complaint M.W.G.]*

~~ADVERSARY COMPLAINT OF ALLIANCE BUILDERS & CONSTRUCTION CO., INC. CHALLENGING DISCHARGE OF DEBT AS EXCEPTED UNDER SECTIONS 523(a)(2) AND 523(a)(6) OF THE BANKRUPTCY CODE~~

PLAINTIFF ALLIANCE BUILDERS & CONSTRUCTION CO., INC., ("Alliance") complains of the Defendant MICHELL WHITE, also known as MICHELLE WHITE, Debtor seeking determination that the Secured Debt owed by Debtor was incurred and produced by Debtor-Defendant's fraud and false pretenses, and willful and malicious injury, against Plaintiff Alliance, and that the resulting debt should be excepted from discharge under Sections 523(a)(2) and 523(a)(6) of the Bankruptcy Code. To support this Complaint, Plaintiff states as follows:

**Count I – Debtor's Fraud and False Pretenses Afflicting Debt – 11 U.S.C. Section 523(a)(2).**

1. On about July 17, 2007, Debtor Michelle White, also known as Mich...

*[Filed stamp: FILED UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS NOV 10 2020 JEFFREY P. ALLSTEADT, CLERK INTAKE 1]*

1

*[Handwritten: Copy of Quick Claim Attached]*

Gilmore, recorded in the Cook County Recorder of Deeds as Document No. 0710744002 a purported Quit Claim Deed, by which her then husband, Corey Gilmore, transferred and conveyed to Debtor Michelle White a parcel of real property bearing common address 655 N. Cicero Ave., Chicago, Ill. 60044. [*Debtor Admits*]

2. The Corey Gilmore Deed was notarized by Dorothy J. Spann, the same person who stated she prepared the Quit Claim Deed. The document was notarized August 9, 2006. [*Debtor Admits*] Upon information and belief, Dorothy J. Spann was a State of Illinois Notary Public at the time of notarizing, and of preparing the Quit Claim Deed. [*Don't know*] The online records portal of the Illinois Attorney Registration and Disciplinary Commission indicates no record that Dorothy J. Spann has ever been a lawyer licensed to practice in the State of Illinois. [*Don't know — I don't know*]

3. In 2007 and 2008, Debtor Michelle White entered into Contracts with Plaintiff Alliance Building & Construction Co. ("Alliance") for renovation and construction of the 655 parcel. The aggregate costs for labor and material, and other agreed items and services, to be paid by Debtor Michelle White to Alliance was $250,000.00. (Copies of the Contracts are attached as Group Ex. 1 and made a part of this Adversary Complaint.) [*Debtor Admits*]

4. At the time of contracting and at all times thereafter until the 341 meeting conducted on May 26, 2020 in her Chapter 7 Bankruptcy case, Debtor Michelle White represented to Alliance's agents and personnel, including Martin Tkaczyk, president of Alliance, that she was the owner of the 655 [*Debtor Admits*]

2

parcel) and that she received title to the 655 parcel by Quit Claim Deed from her husband, Corey Gilmore. *[handwritten: ↓ Deny, ↖ Deny, ← Debtor Deny]*

5. Debtor Michelle White identified herself as the owner of the 655 parcel to convince Alliance and Tkaczyk that she was solvent, and had interests in property sufficient to enable her to pay for the renovation and construction work that Alliance was performing, for which Debtor Michelle White was unable to make timely payments. Debtor Michelle White specifically sought to assuage Alliance's and Tkaczyk's worries that she would be unable to pay ultimately the sums due under the Contract. *[handwritten left margin: Debtor I do not know]*

6. Debtor Michelle White knew that she had no intention of paying Alliance in full for the renovation and construction work she had contracted at the time she contracted, and that she would resist and thwart Alliance's efforts to recover the sums owed to it by levying a judgment or mechanic's lien against the 655 parcel. *[handwritten left margin: Debtor Deny]*

7. Alliance and its agents and personnel relied justifiably on the representations of Debtor Michelle White in performing all of the work that they did. Alliance relied to its detriment on Debtor Michelle White's representations of her ownership of the 655 parcel in performing substantially all of the renovation and construction work on the 655 parcel without receiving payments as required under the Contract. *[handwritten left margin: Debtor Admit]*

3

*[handwritten margin note: Debtor Deny Sentence 1]*

8. Debtor Michelle White failed and refused to pay Alliance on time and according to the Contract for the renovation and construction work performed by Alliance on time. Consequently, Alliance initiated a lawsuit against Debtor Michelle White in the Circuit Court of Cook County, Illinois, County Department, Law Division, as Case No. 16 L 02234. ("Alliance lawsuit"). (A copy of the Amended Verified Complaint in the Alliance lawsuit is attached as Ex. 2 and made a part of this Adversary Complaint.)

*[handwritten margin note: Debtor Deny]*

9. Early in 2019, upon information and belief, Debtor Michelle White was aware of, and participated or facilitated, preparation and recording of a Quit Claim Deed of the 655 parcel in favor of her former Mother-In-Law, Julia Williams, Chicago, Illinois. Julia Williams is the mother of Corey Gilmore, who originally deeded the 655 Parcel to Debtor Michelle White, and was formerly married to her. Debtor Michelle White never advised Alliance or its counsel of the 2019 Quit Claim Deed to Julia Williams.

*[handwritten margin note: Debtor Deny]*

10. In 2020, after being found and held in default in the Alliance lawsuit, Debtor Michelle White filed her Chapter 7 Petition for Bankruptcy Relief in this Court, Case No. 20-09973. Debtor Michelle White scheduled the debt to Alliance as "Secured."

*[handwritten margin note: Debtor Deny]*

11. Debtor Michelle White misrepresented to Alliance her ownership of the 655 parcel on numerous occasions for the purpose of inducing Alliance to complete renovations to the 655 parcel which she did not intend to pay for, or which

4

she knew she would not be able to pay for other than by either (1) liquidating the 655 parcel; or (2) transferring the 655 parcel to Alliance.

12. When Debtor Michelle White learned of or participated in the 2019 Quit Claim Deed to Julia Williams, she took no steps to prevent it, or to alert Alliance's agents or attorneys that it was taking place. [Debtor Deny]

13. Debtor Michelle White gave elusive, "no-knowledge" and "no-recollection" responses to questions concerning the 655 parcel at the 341 meeting. [Debtor Deny] Debtor [Admits] Michelle White claimed that the 2006 Quit Claim Deed did not give her ownership of the 655 parcel. [Debtor Admit → Ex 1. Attached]

14. For these reasons, Debtor's debt to Plaintiff Alliance was directly and proximately produced by Debtor's fraud and false pretenses perpetrated upon Plaintiff. Debtor-Defendant's debt to Plaintiff Alliance should be excepted from discharge under 11 U.S.C. Section 523(a)(2). [Debtor Deny]

Wherefore, PLAINTIFF ALLIANCE BUILDERS & CONSTRUCTION CO., INC., respectfully requests that this Court adjudicate and decree in its favor against Defendant MICHELL WHITE, also known as MICHELLE WHITE, Debtor, that the Secured Debt owed by Debtor-Defendant to Plaintiff was incurred and produced by Debtor-Defendant's fraud and false pretenses, and willful and malicious injury, against Plaintiff Alliance, and that the resulting debt be and is excepted from discharge under Sections 523(a)(2) and 523(a)(6), 11 U.S.C. Sections 523(a)(2) and 523(a)(6).

5

**Count II – Debtor's Willful and Malicious Injury Afflicting Debt – 11 U.S.C. Section 523(a)(6).**

15 – 28.    Plaintiff repeats the averments of paragraphs 1 through 14 as though fully set forth.

*[Handwritten: Debtor Deny]* 29.    Accordingly, the actions of Debtor-Defendant in deceiving and defrauding Plaintiff Alliance thus amount to willful and malicious injury under Section 523(a)(6) of the Bankruptcy Code.

*[Handwritten: Debtor Deny]* 30.    Defendant-Debtor's actions against Plaintiff justifying excepting the debt from discharge under 11 U.S.C. Section 523(a)(6).

Wherefore, PLAINTIFF ALLIANCE BUILDERS & CONSTRUCTION CO., INC., respectfully requests that this Court adjudicate and decree in its favor against Defendant MICHELL WHITE, also known as MICHELLE WHITE, Debtor, that the Secured Debt owed by Debtor-Defendant to Plaintiff was incurred and produced by Debtor-Defendant's fraud and false pretenses, and willful and malicious injury, against Plaintiff Alliance, and that the resulting debt be and is excepted from discharge under Sections 523(a)(2) and 523(a)(6), 11 U.S.C. Sections 523(a)(2) and 523(a)(6).

Respectfully submitted,

ALLIANCE BUILDERS &
CONSTRUCTION CO., INC.,
By: /S/ Michael J. Greco
Michael J. Greco
Attorney for Plaintiff

Atty. No. 6201254
Michael J. Greco, Attorney for Plaintiff
175 W. Jackson Blvd., Suite 240
Chicago, Illinois 60604
312-222-0599
Email: michaelgreco18@yahoo.com

*[Handwritten signatures and notations: M.W.G.; (312) 545-6700; Michell White-Gilmore, 2615 John Bowy Drive, Plainfield, IL 60586]*

NOT AN OFFICIAL DOCUMENT

Ex. 1.

GEORGE E. COLE®
LEGAL FORMS

No. 822 REC
December 1999

**QUIT CLAIM DEED**
Statutory (Illinois)
(Individual to Individual)

CAUTION: Consult a lawyer before using or acting under this form. Neither the publisher nor the seller of this form makes any warranty with respect thereto, including any warranty of merchantability or fitness for a particular purpose.

Doc#: 0710744002 Fee: $28.60
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 04/17/2007 09:34 AM Pg: 1 of 3

Above Space for Recorder's use only

THE GRANTOR(S) Corey Gilmore

of the City _____ of Chicago _____ County of Cook _____ State of Illinois _____ for the consideration of _____ Ten Dollars _____ DOLLARS, and other good and valuable considerations _____ in hand paid, CONVEY(S) __S__ and QUIT CLAIM(S)

TO Michelle White, 1000 W 15th Street, Chicago 60608
(Name and Address of Grantees)

all interest in the following described Real Estate, the real estate situated in Cook County, Illinois, commonly known as 655 N Cicero, Chicago IL 60644 , (st. address) legally described as:

Lot 17, in Block 6 in west Chicago Land CO's Subdivision of the Nirthwest 1/4 of the Norwest 1/4 of Section 10, Township 39 Nort Range 13 East of the Thirds Princiopal Meridian, In cook County Illinois

hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois.

Permanent Real Estate Index Number(s): 16-10-104-001-0000

Address(es) of Real Estate: 655 N Cicero Chicago IL 60644

DATED this _____ day of _____, 20 _____

Please print or type name(s) below signature(s)

Michelle White (SEAL) _____ (SEAL)

_____ (SEAL) _____ (SEAL)

State of Illinois, County of Cook ss. I, the undersigned, a Notary Public in and for said County, in the State aforsaid, DO HEREBY CERTIFY that Michelle White personally known to me to be the same person _____ whose name __s__ subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that S h e signed, sealed and delivered the said instrument as _____ free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead

IMPRESS SEAL

Ex #2.

**NOT AN OFFICIAL DOCUMENT**

## Quit Claim Deed
### INDIVIDUAL TO INDIVIDUAL

Violet Gilmore

TO

Michelle White

GEORGE E. COLE®
LEGAL FORMS

*Property of Cook County Recorder of Deeds*

Given under my hand and official seal, this 9th day of August 20 06

Commission expires 01/22/20 07

(Dorothy J. Spann)
NOTARY PUBLIC

This instrument was prepared by Dorothy Spann
(Name and Address)

MAIL TO:
Michelle White (Name)
1000 W. 15th Street (Address)
Chicago IL. 60608 (City, State and Zip)

SEND SUBSEQUENT TAX BILLS TO:
(Name)
(Address)
(City, State and Zip)

OR   RECORDER'S OFFICE BOX NO.

Ex #3

NOT AN OFFICIAL DOCUMENT

## STATEMENT BY GRANTOR AND GRANTEE

The Grantor or his Agent affirms that, to the best of his knowledge, the name of the Grantee shown on the Deed or Assignment of Beneficial Interest in a land trust is either a natural person, an Illinois corporation or foreign corporation authorized to do business or acquire and hold title to real estate in Illinois, a partnership authorized to do business or acquire and hold title to real estate in Illinois, or other entity recognized as a person and authorized to do business or acquire title to real estate under the laws of the State of Illinois.

Dated 9th August 20 06

Signature: _____ Grantor or Agent

Subscribed and sworn to before me
by the said Corey Gilmore
this 9th day of August, 2006
Notary Public _____ Dorothy J. Spann

OFFICIAL SEAL
DOROTHY J SPANN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 01-22-07

The Grantee or his Agent affirms and verifies that the name of the Grantee shown on the Deed or Assignment of Beneficial Interest in a land trust is either a natural person, an Illinois corporation or foreign corporation authorized to do business or acquire and hold title to real estate in Illinois, a partnership authorized to do business or acquire and hold title to real estate in Illinois, or other entity recognized as a person and authorized to do business or acquire and hold title to real estate under the laws of the State of Illinois.

Dated 9th August, 2006

Signature: _____ Grantee or Agent

Subscribed and sworn to before me
by the said Michelle White
this 9th day of August, 2006
Notary Public _____ Dorothy J. Spann

OFFICIAL SEAL
DOROTHY J SPANN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 01-22-07

Note: Any person who knowingly submits a false statement concerning the identity of a Grantee shall be guilty of a Class C misdemeanor for the first offense and of a Class A misdemeanor for subsequent offenses.

(Attached to Deed or ABI to be recorded in Cook County, Illinois, if exempt under the provisions of Section 4 of the Illinois Real Estate Transfer Tax Act.)

Revised 10/02-cp